Reynolds, J.—[After stating the facts.]
We think if the' learned judge had had the opportunity of analyzing the evidence as it is now presented to us, he would have come to a different conclusion.
The sudden discharge of steam, under such circumstances as above stated, would be clearly an act of gross negligence, unless it was unavoidable, or necessary, at that precise time, to the safety of the engine. Even upon a thoroughfare in the city, there must be sufficient opportunities to permit an occasional escape of steam, without discharging it directly upon a passing team, and it is the duty of the engineer to seek such opportunity. Defendant’s counsel argued strenuously, that it was incumbent upon the plaintiff to 'show that the escape was not unavoidable, or necessary, at that moment. We think, rather, it was for the defendant to show why it was done at that moment. The engine was traveling along its regular course, and „if, while it was running, it was necessary to emit a sudden jet of steam, the engineer should have explained why he did not do it before or after the in *441 stant he was passing plaintiff’s horse. It was prima facie a negligent act, and the burden of its explanation was upon the party managing the engine, rather than on the plaintiff, who had no means of ascertaining the reason for such an occurrence.
Defendant also insists that the plaintiff was guilty of contributory negligence. There was room for the plaintiff to drive between the track and the curb, by the side of a passing train. On a street as much traveled as Broadway, it can not be unusual for teams to be so driven. The plaintiff says his horse was accustomed to the dummy, and that he had frequently driven him, near it without difficulty. It was for the jury to say whether plaintiff, under the circumstances, was wanting in ordinary prudence.
A new trial should be granted, costs to appellant to abide the event.
Neilsoh", Ch. J., concurred.